And as the lawyers know, and any of you who are innocent bystanders in this, I'll inform you that it was an appeal from a preliminary injunction, which was issued, I think, about a year ago. And a great deal of work has been put into it on both sides of the lectern, I'll say. Six, I think, amicus briefs. And a lot of work by three judges. And then yesterday at 4 o'clock, we get from the attorneys who only just got it at noon yesterday, a permanent injunction and final judgment, which as I read the case law, and we're going to let the lawyers address it, moots the preliminary injunction and probably requires that we start over on briefing. Particularly since, and I have deliberately not read the permanent injunction yet because I didn't get it until late, and I don't want to form any opinions that far in advance without briefing on it. And I assume that the more than double size of it indicates there's something in there other than just filler. But we'd like to hear from you all on the mootness question. We've directed your attention to some authorities late yesterday. But the presumption that I'm operating on is when a final judgment is entered and a permanent injunction is issued, the preliminary injunction is moot, at least where there's no bond or dispute over the bond. And of course, in this case, the record shows there was no bond. Now, we'll go ahead, but let's confine ourselves to the mootness issue. And if we decide it's not moot, first of all, I'll be shocked. And secondly, we'll reformulate from there. Mr. Brasher, first on mootness. Yes. Thank you, Chief Judge Parsons. May it please the Court. Andrew Brasher for the State University of London. So, we agree that the case is moot. I think the only question for the Court is procedurally what you should do about that. We'd be glad to hear from you on that. Right. So, as you said, Judge Carnes, there's been a lot of work put into this case. I think about half the states, more than half the states in the country have filed an amicus brief on one side or the other of the case. I know, of course, the panel has put a lot of work into it as well. And the district court's final judgment is based on the same record as the plenary injunction was based on, so there was no new evidence or anything like that. What I think the Court ought to do is hold this appeal in abeyance until the appeal of the permanent injunction can reach the Court and then consolidate these two appeals. And then at that point, the panel would be in a position to decide how much new briefing is required, whether new briefing is required at all, and we can go forward on that basis. And that way, I think there would be less duplication of effort on the part of the panel. Now, I did, late last night, find a case that you were actually on the panel for, Judge Carnes, that I was involved in where the various states were challenging something called the Waters of the United States Rule. WOTUS. WOTUS. Which is still being held pending the Supreme Court's decision. Exactly. And so that case has been held in abeyance, I think, for about two years now. And we would suggest that the reasons of judicial economy is what led the Court to hold that appeal in abeyance. I think judicial economy. Yeah, I understand. We've certainly got the power to hold an appeal in abeyance, but there was no mootness issue in that. We thought that it might be rendered control by the Sixth Circuit decision, race judicata, or whatever. The parties were virtually identical. And then when the Supreme Court granted cert on it, which rather surprised me given the stage of litigation in the Sixth Circuit, we knew we were going to get an answer on the merits of the appeal issue about jurisdiction, district court versus court of appeals. That's not what we have here. What would be the point in holding in abeyance an appeal that we have no jurisdiction to decide because it is moot? Right. And the only point I would make is that I think you do have the ability to do that because the point is that you would be able to consolidate these two appeals and handle it in a more judicially economized way. Well, but here's the thing. And maybe this is just giving the interests of our efficiency priority over yours. Shocking as that may be. But that's the way the tree is arranged. But here's the thing. I don't want to have to read through all these briefs and then read the new order and then read through those supplemental, at the very least, briefs and figure out what's changed and all that. And I'm not sure you all want to do it either in terms of addressing each other. My idea, and I'm speaking primarily for myself here, is I'd like you to respond to this proposal. Wipe it clean if it's moot. And then you can rebrief based on the new injunction, which is the only thing we will have before us then and have jurisdiction to decide. You all got word processors. I can tell by the length of the briefs that you have word processors. But you can go through and adjust and modify to the new opinion in support of the judgment and permanent injunction. Now, why is that? And if the MECI want to refile, that's fine. To the extent that they address something that's changed, they need to change that. And to add to that, I think you actually have to file a new notice of appeal, do you not? No question. We absolutely do, and there's no question about that. And I guess my point is that I know the panel has spent a lot of time with this case. And since the evidence is the same, I just think it would be a waste of the Eleventh Circuit's resources to have a new panel assignment for the case. We'll discuss that, and I want to hear from both sides on that. But my inclination is exactly the same as yours. As time passes, that will be less and less of a concern because I'll have to gear back up, and we all will. But we have delved into it, and we have done some independent research on it. I don't want to flush that. So we could, and I've never really had a case exactly like this one that's been that on the eve of oral argument. But we could very easily just set it before the same panel. Well, I think that would be a good thing. And also, I'll add, you know, I've had the opinion for as long as you have. I have noted that the opinion actually expressly responds to certain arguments that we made in this court in our appellate briefs. So I think that would be another reason why it would be a good idea to have the same panel. Funny how that happened, I guess. I have also never had this happen before. I'm sure there are a few that have. Before we hear from Mr. Beck, and this is beyond this case, this is not an efficient way to run a system. And this court had every authority and power to do what it did. But were there indications that that was your typical preliminary injunction case? I know it's not in the rules of the statute. This will be the way it is. Court enters a preliminary injunction and then says, well, I'll wait and see how that fares in the Eleventh Circuit before I proceed to permanent injunction. And oftentimes, this court, in deciding the preliminary injunction, will all but or all decide the merits of the permanent injunction because everybody's put their best shot forward. That didn't happen here. Was there any indication that the district court was going to issue? I'm trying to see how we can avoid this in the future. Judge Carnes, I think we're on the same page there. I will say that after the preliminary injunction was issued here, the parties got together and agreed that there was no need for more evidence. We agreed that the appeal, you know, that the appeal of the preliminary injunction would resolve the case and also that basically the district court could just enter the preliminary injunction as a final judgment. I understand, but that was months and months ago. Oh, it was a year or so ago. Yes, that's right. And I will also say I delayed briefing thinking that we would get a preliminary judgment. I mean, sorry, a final judgment issued shortly after we made that agreement and it just never came. And so we had no, I can only speak for my side, we had no expectation whatsoever that there would be a judgment at all. Yeah, there would, district courts, I'm not suggesting district court did anything procedurally wrong here. Right. And they're certainly not required to do so, but the district court could have informed y'all and through y'all us or even copied us. I'm working on a permanent injunction. I'm working on an order on the issue involving the permanent injunction and final judgment in this case and expect to have it out in a matter of weeks, months, whatever. And there's nothing that required that, but boy, it's inefficient. We don't disagree with you. We need to hear from Mr. Beck. Anything else, Mr. Brasher? No, thank you. Good morning, and may it please the court. We also agree that the case is moot. Procedurally, I don't have any more insight than Mr. Brasher. Obviously, we defer to the court as to how it manages its docket under these circumstances. Just one point, though, with regard to Judge Thompson and the entry of the timing of what happened here. No one knew, of course, that the order would come yesterday, but the parties had briefed and agreed to brief the merits of the final order in the case. That was briefed and settled before Judge Thompson quite some time ago, and as Mr. Brasher alluded to, the briefing on our appeal by agreement between the parties was delayed. And so it seems like a matter of circumstance in some ways that both matters got pushed back. In fairness to Judge Thompson, we didn't ask. I mean, we know that preliminary injunctions are moot once permanent injunction is entered, and at least speaking for myself in the future, I'm going to check on a preliminary injunction to do the thing. If it was a contract dispute or the sale of a piece of property, we wouldn't have invested as much time, and y'all wouldn't have invested as much time on the thing. But anything else you've got to add, Mr. Beck? The only other point I'd add is that I agree with Your Honor's suggestion that new briefing is in order. It wouldn't make sense to try and—the decision, again, I haven't had the opportunity, like Your Honor, to digest it in full, but it delves into significant new facts in response to the party's briefing below, makes additional factual findings, legal conclusions, and trying to find a way to graph that on top of the additional briefing, I think, is not in order here. I think the appropriate course under the cases in this Court's order from yesterday is to dismiss the appeal and for the State to take an appeal from the final permanent injunction. I think so, and if we do that, I expanded the time to 20 minutes to a side. Y'all have a feel for whether that's adequate if we're still the same panel next time, and we set out a briefing and oral argument schedule. Is 20 minutes enough? Do you need more? I think 20 minutes ought to be enough, Your Honor. We can always let it go further. I anticipate we're not sitting again in the near future, so I anticipate it will be specially set. And if you need some more time, we can run over it then. This is an important case, and we will go with it. Anything else, Your Honor? No, sir. Joe? Only thing I'd say in 27 years on this Court, this is only the second time I've seen this happen. The first time was in an en banc case with exactly the same situation, and it was really embarrassing for everybody involved because nobody gave the Court notice that between the time the appeal was taken from the grant or denial of preliminary injunction, permanent injunction was entered. And I'm like Judge Collins. I hope we don't see this again. In the case Judge Devane is talking about, it was before I came on the Court, so I accept no responsibility for it. But I've heard the story from several people. They literally were in the en banc room, and it was a copyright case, and Nimrod Sr. and Nimrod Jr. were there to argue it on behalf of or against CNN. I forget who the deal was. A very big deal when somebody mentioned the fact that isn't there a permanent injunction and a final judgment in this case? So it could be worse, let's put it that way. We will get out an order on that shortly, and we appreciate it. Thank you, Your Honor. Next case up is Nice v. 1-3, I think, Communications.